FILED
MAR 21 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GEORGE L. ROSA, | CIV. 10-4167 |
| Petitioner, | |
| -vs- | REPORT AND RECOMMENDATION |
| DOUGLAS WEBER, Warden, and MARTY JACKLEY, Attorney General, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner George L. Rosa, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Petitioner has filed the Declaration of David J. Benson[1] (Doc. 7), his Show & Cause Answer (Doc. 8), and his Affidavit (Doc. 9) in support of his Petition. The Respondent has filed a Motion to Dismiss (Doc. 10) and a supporting Brief with attachments (Doc. 11).

## JURISDICTION

Petitioner was convicted in Lincoln County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## PROCEDURAL HISTORY

On January 7, 2003, the Petitioner pled guilty to one count of Criminal Pedophilia and one count of Possession of Child Pornography. On April 22, 2003, he was sentenced to 50 years in prison for the Criminal Pedophilia charge and 2 years in prison on the Possession of Child

---

[1] Petitioner has received the assistance of David J. Benson, a fellow inmate, in preparing his petition and subsequent filings.

Pornography count. Judgment was entered on May 1, 2003. *See* Doc. 11, Attachment 1. Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court on November 24, 2003. *See* Doc. 11, Attachment 3. On February 16, 2006, Petitioner submitted a state habeas petition. *See* Doc. 11, Attachment 4. An evidentiary hearing was held on April 16, 2009, and July 8, 2009. *See* Doc. 11, Attachment 5. The state habeas petition was denied on October 13, 2009. *See* Doc. 11, Attachment 6. A certificate of probable cause was denied by both the Circuit Court on December 9, 2009, and the South Dakota Supreme Court on July 6, 2010. *See* Doc. 11, Attachments 8 and 9. Petitioner filed the instant Federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 on November 23, 2010.

## DISCUSSION

### 1. AEDPA Statute of Limitations

28 U.S.C. § 2244(d) provides:

> (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's]...state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

Judgment was entered on Petitioner's conviction on May 1, 2003. He filed a direct appeal on May 30, 2003. His conviction was affirmed on November 24, 2003. He submitted his state habeas petition on February 16, 2006, well beyond the one-year statute of limitations for filing a federal habeas claim.

### 2. Impediment Created by the State under § 2244(d)(1)(B)

This statutory provision provides the one-year limitation period for filing a federal habeas petition begins to run when an impediment created by state action which violates the Constitution or laws of the United States is removed, if the state action prevented the Petitioner from filing the

3

petition. In this case, Petitioner ostensibly asserts the DOC's lack of an adequate law library constitutes an "impediment created by state action" pursuant to § 2244(d)(1)(B) which should toll the statute of limitations. *See* Declaration of David Benson (Doc. 7).

"The absence of all federal materials from a prison library without making some alternative arrangements to apprise prisoners of their rights violates the First Amendment right, through the Fourteenth Amendment, to access the Courts." *Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003) *citing Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) and *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). *Lewis* narrowed the requirements of *Bounds* to require only such legal information as the inmates need to challenge their convictions and conditions of confinement. *Id. Edgerton* specifically held that a state's failure to provide the materials necessary for a prisoner to challenge his conviction constitutes an "impediment" for purposes of § 2244(d)(1)(B). *Edgerton,* 334 F.3d at 438-39.

A state's failure to make available the AEDPA, which sets forth the basic procedural rules prisoners must follow to file a federal habeas corpus claim, "is just as much of an impediment as if the state were to take affirmative steps to prevent the petitioner from filing the application." *Edgerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003). The Eighth Circuit has directly addressed the adequacy of legal assistance/law library materials as a state-created "impediment" for purposes of § 2244(d)(1)(B) in *Finch v. Miller*, 491 F.3d 424 (8th Cir. 2007). "Prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 427 (citations omitted). The inmate claiming the impediment must show more than the prison law library or legal assistance was "subpar in some theoretical sense." *Id.* The *Finch* Court found that no state-created impediment prevented timely filing pursuant to § 2244(d)(1)(B) because the petitioner could not demonstrate an alleged shortcoming in the prison library or legal assistance program that *actually hindered his efforts* to file a timely federal habeas claim.

The Court examined a § 2244(d)(1)(B) claim again in *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007). There, as here, the petitioner urged inadequacy of the prison law library prejudiced his

4

untimely federal habeas application. The Eighth Circuit rejected the § 2244(d)(1)(B) claim because "at the relevant time the prison made available in its library several copies of recent editions of the 'Federal Civil Judicial Procedure and Rules' which described the applicable statute of limitations . . . .[petitioner] therefore has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." *Id.* at 1005.

Petitioner has been confined at the Jamison Annex/SDSP continuously since his incarceration began in April of 2003. The SDSP closed its law library altogether in 1997. Weber Aff., *Miller v. Weber*, Civ. 06-4083, Doc. 22, ¶ 3.[2] Contract attorneys were available to assist inmates in limited circumstances during the time the law library was closed. *Id.* ¶ 4. These circumstances included the preparation of initial pleadings involving habeas corpus and § 1983 conditions of confinement claims. *Id.* In May, 1999, partial law libraries were returned to the SDSP, the Jameson Annex, the Springfield State Prison, and the South Dakota Women's Prison pursuant to a settlement agreement in *Morris v. State*, Civ. 98-4118 and *Scholl v. Delaney*, Civ. 98-4068. The partial law libraries made some legal references available immediately until new law books and supplements could be ordered. By August, 1999 the law libraries were fully restored. *Id.* at ¶ 5. The "new" libraries contained, among other authorities, 28 U.S.C. §§ 2241-2254, Federal Procedure (Lawyer's Edition) Vol. 16 (Habeas Corpus).[3] The legal resources necessary for inmates to research the filing requirements for federal habeas corpus claims have been available at the SDSP library, therefore, since at least August of 1999.

### 3.   Equitable Tolling and § 2244(d)(1)(B)

Petitioner asserts his failure to timely file a federal application should be excused by the doctrine of equitable tolling. *See* Doc. 8. The Eighth Circuit has recognized the one-year AEDPA

---

[2]Although Defendant did not provide an affidavit in this case, the Court is aware of the contents of the prison law library through the Weber affidavit in *Miller*, of which it takes judicial notice. Affidavits which explain the inmate legal assistance program and include copies of the contents of the prison law library are commonly filed in District Court, so the undersigned stays fairly current with the contents of the prison law library. *See, e.g. Cobb v. Weber, et. al.* Civ. 09-04110, Doc. 127, Ex.A. (Affidavit containing Policy 1.3.E.1 Inmate Legal Assistance).

[3]The court is otherwise aware that the South Dakota DOC also provides inmates with "fill-in-the-blank" forms for both § 1983 claims and § 2254 petitions.

statute of limitations may be equitably tolled. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling may be invoked only in limited circumstances, such as when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citations omitted). Equitable tolling is also appropriate when the conduct of the defendant has lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner cites the three months he spent in a "hard cell" in the mental health unit at Jameson Annex from April 23-July 8, 2003, his difficulty in obtaining information from his criminal attorney and state court offices, and his lack of knowledge of the law as reasons to apply equitable tolling.

In *Walker*, the Court refused to apply equitable tolling because among other reasons, the prison provided the inmates with "fill-in-the-blanks" forms designed for completion without the assistance of counsel. The Court notes these "fill-in-the-blank" forms are also available to South Dakota DOC inmates, and Petitioner used one in this case. The AEDPA one year statute of limitation is printed on page 4 of the current version of the form.

The Eighth Circuit has explained that if a prison law library makes available the necessary information regarding federal habeas applications (including the relevant statute of limitations) a prisoner "has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007).

A prisoner's own ignorance of the law regarding the statute of limitations, or the interaction between the AEDPA and his state proceedings, does not justify equitable tolling. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Id.* (citations omitted, internal punctuation

6

altered.) Petitioners are expected to diligently pursue, monitor and investigate their own post-conviction cases. *Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005). Simply alleging a lack of legal knowledge or understanding of the law, therefore, is insufficient to invoke equitable tolling. *Kruetzer v. Bowersox, 2*31 F.3d 460, 463 (8th Cir. 2000); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003).

While Petitioner cites his inability to access information from his former counsel or court personnel, this too has been rejected as a reason to invoke the equitable tolling provisions of the AEDPA. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (petitioner's affidavit detailing unsuccessful attempts to secure assistance from public defender, state court trial judge, and state court trial counsel, and tardy receipt of trial transcript did not excuse late filing). These are not the kind of extraordinary circumstances beyond Petitioner's control which entitle him to equitable tolling because "there is no constitutional right to counsel in seeking post-conviction relief." *Id.* Petitioner's pre-filing efforts dealt with the type of obstacles "faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period." *Id.* at 807. *See also Weibley v. Kaiser*, 50 Fed. Appx. 399 (10th Cir. 2002) (unpublished, copy attached)[4]; *Clark v. State of Oklahoma*, 2006 WL 62843 (W.D. Okla.); *Lindo v. LeFever*, 193 F. Supp.2d 659 (E.D.N.Y. 2002); *United States v. Van Poyck*, 980 F. Supp.1108 (C.D. Cal. 1997).

Petitioner has only vaguely asserted that the law library at the SDSP was inadequate, but he does not specifically allege that he ever attempted to research his federal habeas remedies before it was too late. Additionally, the South Dakota DOC has, at all relevant times, provided the necessary legal materials for Petitioner to properly pursue a timely federal application for habeas corpus had he chosen to do so. Petitioner has failed to show that he pursued his rights diligently or that any extraordinary circumstances stood in his way which prevented timely filing. Equitable tolling is not applicable in this case.

---

[4]Unpublished opinions have no precedential value in the Tenth Circuit pursuant to Tenth Circuit App. Rule 36.3, and are normally not cited. *Weibley* is cited here because of its similarity to the facts of this case and its persuasive value.

7

### 4. Petitioner's Application is Untimely

As explained above, judgment was entered on Petitioner's conviction on May 1, 2003. His conviction was affirmed on November 24, 2003. He submitted his state habeas petition on February 16, 2006, well beyond the one-year statute of limitations for filing a federal habeas claim. All calculations lead to the conclusion that Petitioner's instant § 2254 application for habeas corpus relief was filed well beyond the one year statute of limitations as it is defined in 28 U.S.C. § 2244(d)(1) & (2).

### CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending (after the grace period expired) before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply. No evidentiary hearing is warranted.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:

(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.

(2) No Certificate of Appealability be issued.

(3) Respondent's Motion to Dismiss (Doc. 10) be GRANTED.

8

## **NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 21 day of March, 2011.

BY THE COURT:

*[signature]*
John E. Simko
United States Magistrate Judge